TOWNSHIP OF BRIDGEWATER, IN THE COUNTY OF SOMERSET, A NEW JERSEY MUNICIPAL CORPORATION, PLAINTIFF-CROSS-MOVANT, v. JOSEPH YARNELL AND NANCY YARNELL, DEFENDANTS-MOVANTS.

Submitted January 16, 1974—Decided January 25, 1974.

*Messrs. Ozzard, Rizzolo, Klein, Mauro & Savo,* by *Mr. Michael S. Feldman,* for defendants-movants.

*Mr. William W. Lanigan,* by *Mr. Daniel F. O'Connell,* for plaintiff-cross-movant.

PER CURIAM. In this condemnation action, plaintiff township sought to acquire a specifically described easement across defendants' property for a sanitary sewer line connecting a sewer system serving some 235 homes with the inter-municipal trunk sewer local just beyond the property. Plaintiff had been unable to acquire the easement by agreement, not because of a dispute as to the amount of compensation to be paid therefor, but rather by reason of defendants' objection to the route selected by the township. Their position was that the township's route would cause great damage to their property and prevent future development of the acreage behind their dwelling and that a different route they suggested would cause much less damage and was technically as feasible, without substantially adding to the cost of construction of the entire project. (Any additional cost of defendants' route would be offset, at least to some degree, by the lesser damage to their property reflected in lesser compensation to be paid for the easement.) It should be noted that the township had riskily proceeded with construction of the project before acquiring all the necessary easements which would have assured the validity, beyond attack, of the route it had selected over each property to be traversed.

Defendants filed an answer to the condemnation complaint denying plaintiff's authority to condemn the described easement and alleging that the selection of route through their

property was arbitrary, capricious and unreasonable on the thesis noted above.

The issue came on for trial in the Law Division in a summary manner. *R.* 4:73–1 and *R.* 4:67. Defendants, who proceeded first at the hearing, introduced proofs, including expert engineering testimony, in support of their position. At the conclusion thereof, plaintiff moved for judgment on the ground that a *prima facie* case of arbitrariness had not been made out. Defendants objected, contending that their proofs were sufficient to require plaintiff to proceed with evidence to support the propriety of the route it selected and thus enable cross-examination with respect thereto. The trial judge decided in plaintiff's favor and, without making detailed findings of fact on the basic issue, *R.* 1:7–4, concluded that defendants had not made out a case of arbitrariness.

Defendants appealed and applied to the Appellate Division for a stay, *i. e.,* a restraint against plaintiff proceeding with work on their property pending the appeal. In opposition thereto, plaintiff quite improperly filed affidavits, really an *ex parte* supplementation of the trial record on the merits, purporting to show that defendants' desired route was not feasible. The Appellate Division not only denied the stay, but decided the merits of the appeal against defendants. An order was filed reciting that "there is no merit to defendants' denial of the authority to condemn or to their claim that plaintiff-condemnor has acted arbitrarily."

Defendants now move before us for a review of the denial of the stay pursuant to *R.* 2:9–5(b). An emergency application was granted by a single justice, *R.* 2:9–8, until the whole court could act upon the matter. Plaintiff counters with a cross-motion for a summary affirmance of the Appellate Division's determination on the merits, presumably under *R.* 2:8–3.

By reason of provisions of the Eminent Domain Act of 1971, "when the authority to condemn is denied, all further steps in the action shall be stayed until that issue is finally determined." *L.* 1971, *c.* 361, § 11; *N. J. S. A.*

20:3–11. See also *L.* 1971, *c.* 361, § 22; *N. J. S. A.* 20:3–22. Both parties now agree that the cited sections mean that all further proceedings in the condemnation action as well as all work within a disputed section of the route must be stayed until the question of route is completely determined, including exhaustion of the appellate process if appellate review is sought. The Appellate Division was therefore in error in denying the stay pending appeal.

Plaintiff's cross-motion permits us, if indeed it does not compel us, to review the determination of the Appellate Division on the merits. So doing, we are convinced that the trial court wrongly gave judgment for the township at the end of defendants' evidence. They made out a sufficient case of arbitrariness to require plaintiff to present its proofs on the issue of feasibility and the like with respect to the two routes. Moreover, the Appellate Division should not have considered plaintiff's *ex parte* affidavits filed with it since defendants were thereby deprived of cross-examination of the affiants. It was further in error in disposing of the entire matter on the merits at the then posture of the appeal since, as we have said, defendants had made out a *prima facie* case of arbitrariness in route selection in the trial court.

We think the most expeditious method of properly resolving the route issue is to reverse the order of the Appellate Division in its entirety and to remand the case to the Law Division for a further hearing at which plaintiff must present its proofs orally in support of the route it proposes, subject to cross-examination and with the right in defendants to present further proofs if desired. *Cf. Tennessee Gas Transmission Co. v. Hirschfield,* 38 *N. J. Super.* 132 (App. Div. 1955). The trial judge shall thereafter make full findings of fact and conclusions of law on the record of both hearings and enter final judgment accordingly. See *N. J. S. A.* 20:3–2(j). All other proceedings in the action and any entry or work upon defendants' land are stayed and restrained pending the entry of such judgment.

It is so ordered.

*For reversal and remandment*—Chief Justice HUGHES, and Justices JACOBS, HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—7.

*For affirmance*—None.